**Reverse and Remand; Opinion Filed November 17, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-17-00557-CV
_____

**CELEBRITY HEALTHCARE MANAGEMENT, LLC, AKA CELEBRITY HEALTHCARE AND CELEBRITY DENTAL, PC AKA CELEBRITY DENTAL, Appellant**

**V.**

**JOHN STANCU, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-03438**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Stoddart
Opinion by Justice Stoddart

This is an interlocutory appeal from the trial court's denial of appellant's motion to dismiss. In a single issue, Celebrity Healthcare Management, LLC, a/k/a Celebrity Healthcare and Celebrity Dental, PC a/k/a Celebrity Dental ("Celebrity") asserts the trial court erred by failing to dismiss John Stancu's claims because Stancu did not serve an expert report as required by Chapter 74 of the Texas Civil Practices and Remedies Code. We reverse the trial court's order and remand with instructions for the trial court to grant the motion to dismiss, determine the amount of Celebrity's reasonable attorney's fees and costs of court, and render judgment in favor of Celebrity.

In his amended petition, Stancu, proceeding pro se, alleges he sought dental care from Celebrity after his denture was broken in a traffic accident. Celebrity agreed to perform the

necessary work, including repairing his denture, and to delay payment for its services until Stancu received a settlement check from the insurer covering the accident.

Stancu alleges that over the course of three months, he had several appointments during which Celebrity performed dental work, including taking x-rays, wax bites, and imprints. However, when Stancu went to Celebrity to receive his repaired denture, Celebrity demanded Stancu pay approximately $1,200 or it would not release the denture. Stancu did not pay and never received the repaired denture. Stancu's amended petition asserts a single cause of action for breach of contract. He alleges:

> By promising to perform the dental work under the agreement to wait for the payment until the accident case is settled, [Celebrity] duped [Stancu] to become their patient, thus (1) depriving him from going to an honest dentist and get a proper medical care, (2) causing further injury to [Stancu's] health by affecting [Stancu's] eating and digestive organs, and (3) attempting to blackmail [Stancu] by telling him that if he wants to get his teeth he has to pay immediately, contrary to the agreement, and in complete disregard of the most basic medical ethic: **first do no harm.**

Stancu alleges Celebrity sent a bill for dental work to the lawyer representing him in the car accident "in spite of the fact that [Celebrity's] actions produced nothing but harm to [Stancu]."

Celebrity timely answered. After the expiration of 120 days, Celebrity filed a motion to dismiss and for attorney's fees on the ground that Stancu asserts a health care liability claim governed by Chapter 74 of the civil practice and remedies code and Stancu was required to serve an expert report on Celebrity. Because Stancu failed to serve an expert report, Celebrity asserted the trial court must dismiss his cause with prejudice and award reasonable attorney's fees and costs. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a), (b). In its motion, Celebrity argued Stancu's petition presents a medical malpractice case involving allegedly negligent dental care.

The trial court conducted a hearing on the motion to dismiss and concluded Stancu's petition does not present a health care liability claim and, therefore, Stancu was not required to file an expert report. The court denied the motion to dismiss and this appeal followed.

Section 74.351 of the civil practice and remedies code requires a plaintiff in a case involving a health care liability claim to serve one or more expert reports on the defendant no later than the 120th day after the defendant's original answer is filed. *Id.* § 74.351(a). If the plaintiff fails to timely serve an expert report, the statute requires the trial court, upon motion, to dismiss the plaintiff's claim with prejudice and award reasonable attorney's fees and costs of court to the defendant. *Id*. § 74.351(b). It is uncontested that Stancu did not serve an expert report.

The central issue in this case is whether Stancu's claims constitute health care liability claims under chapter 74 such that he was required to serve an expert report. Chapter 74 defines a "health care liability claim" as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13). The Texas Supreme Court identified three basic elements of a health care liability claim:

> (1) the defendant is a health care provider or physician; (2) the claimant's cause of action is for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's alleged departure from accepted standards proximately caused the claimant's injury or death.

*Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012).

Whether a claim is a health care liability claim is a question of law we review de novo. *See id.* at 254-55. The statute "creates a rebuttable presumption that a patient's claims against a

–3–

physician or health care provider based on facts implicating the defendant's conduct during the patient's care, treatment, or confinement are [health care liability claims]." *Id.* at 252.

There is no dispute that Celebrity is a health care provider. Stancu claims he was a patient of Celebrity and was injured by Celebrity's failure to provide him with the repaired denture as a result of their dispute over payment. Stancu alleges Celebrity failed to complete its treatment of him, failed to provide the dental care it agreed to provide, and deprived him of the opportunity to receive proper medical care. Stancu asserts this was "in complete disregard of the most basic medical ethic: **first do no harm.**" Because Stancu alleges claims against a health care provider based on facts implicating Celebrity's conduct during his care or treatment, a rebuttable presumption arose that Stancu's claim is a health care liability claim. *See id.*

We next consider whether Stancu's cause of action is for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care. *See id.* at 255. To determine whether Stancu's claim satisfies the second element of a health care liability claim, we focus on the facts underlying the claim, not the form of the pleading. *Id.* Stancu alleges Celebrity failed to provide him with a repaired denture pursuant to their agreed payment terms, which means Celebrity allegedly failed to deliver the services for which the parties agreed. Although Stancu contends he only seeks to recover for breach of contract, upon considering the underlying nature of his pleading, we conclude his complaint concerns a "lack of treatment," namely the failure to provide his repaired denture, and that omission implicates a departure from accepted standard of medical care or, as stated by Stancu, a disregard of the most basic medical ethic, first do no harm. Stancu was Celebrity's patient receiving dental treatment and the desired end of that treatment for Stancu was the receipt of the repaired denture, which never occurred. Providing the repaired denture was an inseparable part of that treatment. Because Stancu's claim

–4–

concerns the lack of treatment, we conclude Stancu's claim satisfies the second element of a health care liability claim.

The third element of a health care liability claim is that the defendant's departure from accepted standards of care must have proximately resulted "in injury to or death of a claimant." *Id.* Stancu alleges Celebrity's actions caused him not to receive proper medical care and injured him "by affecting [Stancu's] eating and digestive organs." Further, he alleges Celebrity's actions "produced nothing but harm" to him. On appeal, he alleges he suffered economic injuries. We conclude the third element is satisfied.

Having determined all three elements are satisfied, we conclude Stancu failed to rebut the presumption that his claim against Celebrity is a health care liability claim. Because Stancu did not serve an expert report as required by Chapter 74, we also conclude the trial court erred by denying Celebrity's motion to dismiss. We reverse the trial court's order and remand with instructions for the trial court to grant the motion to dismiss, determine the amount of Celebrity's reasonable attorney's fees and costs of court, and render judgment in favor of Celebrity.

/Craig Stoddart/
CRAIG STODDART
170557F.P05                                                            JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CELEBRITY HEALTHCARE
MANAGEMENT, LLC, AKA CELEBRITY
HEALTHCARE AND CELEBRITY
DENTAL, PC AKA CELEBRITY
DENTAL, Appellant

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-03438.
Opinion delivered by Justice Stoddart.
Justices Bridges and Fillmore participating.

No. 05-17-00557-CV        V.

JOHN STANCU, Appellee

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court with instructions to grant the motion to dismiss, determine the amount of appellant's reasonable attorney's fees and court costs, and render judgment in favor of appellant.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 17th day of November, 2017.